UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

JANA JOYNER,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:16-cv-00507

Barrett, J.
Bowman, M.J.

## **ORDER**

This matter is before the Court on Magistrate Judge's Report and Recommendation ("Report") and Plaintiff Jana Joyner's corresponding Objections to the Magistrate Judge's Report. (Docs. 9, 10). This action is a Social Security appeal brought under 42 U.S.C. § 405(g). The Magistrate Judge recommended that the ALJ's finding of non-disability be affirmed because it is supported by substantial evidence in the administrative record.

Notice was given to the parties under 28 U.S.C. § 636(b)(1)(c). Plaintiff filed objections (Doc. 10) to the Magistrate Judge's Report. The Commissioner filed a Reply (Doc. 11) to the Objections.

The Magistrate Judge provided a comprehensive summary of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections. Plaintiff's objections essentially repeat the arguments made in her Statement of Errors, asserting that the ALJ: (1) failed to give controlling weight to Plaintiff's treating physicians; (2) improperly evaluated Plaintiff's mental impairments; (3) improperly

1

evaluated Plaintiff's credibility; and (4) posed a hypothetical question to the Vocational Expert (VE) that provided an incomplete description Plaintiff's impairments. (Doc. 9).

## I. **ANALYSIS**

When objections to a magistrate judge's report are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended decision; receive further evidence; or return the matter to the magistrate judge with instructions." *Id. See also* 28 U.S.C. § 636(b)(1).

### A. Evaluation of opinion evidence

Dr. Smail concluded that Plaintiff was disabled/unemployable. (Doc. 4, at 17). Plaintiff argues that under 20 C.F.R. § 404.1528(c)(2), the findings of Dr. Smail are "reliable indicators" of pain and significant limitations. (Doc. 10; PageID 620). However, the ALJ discounted Dr. Smail's opinion.

Plaintiff argues that the ALJ failed to give Dr. Smail's opinion the controlling weight it was due under 20 C.F.R. § 404.1527. However, Dr. Smail was not accorded controlling weight because Dr. Smail's opinion was not supported by the overall medical record. *Blakley v. Commissioner of Social Sec.,* 581 F.3d 399, 406 (6th Cir.2009) (quoting *Wilson v. Commissioner,* 378 F.3d 541, 544 (6th Cir.2004). Specifically, Plaintiff's other physicians did not communicate in their evaluations that Plaintiff was disabled or that

she had such restrictive work related limitations. (Doc. 9; PageID 608).[1] In one physician's evaluation, Dr. Swedberg noted that Plaintiff was comfortable while sitting, and had "normal range of motion in the cervical spine, and only mildly decreased range of motion in the lumbosacral spine." (Doc. 4, at 319-25).

Diagnostic testing and examinations also revealed that Plaintiff had mostly mild to moderate abnormalities, and that Plaintiff possessed normal range of spinal motion, as well as normal gait. *Id.* Furthermore, as reflected in Dr. Smail's report, Plaintiff's prognosis for her back pain, degenerative disc disease, and radiculopathy was "good, [physical therapy] and testing pending." (Doc. 4, at 498). Dr. Smail gave no indication that Plaintiff experienced abnormal gait, sensory loss, reflex changes, swelling, muscle spasms, or muscle atrophy. (Doc. 4, at 499).

Ultimately, the ALJ in the instant case offered good reason to not give Dr. Smail's opinions controlling weight. (Doc. 4, at 17). The limitations offered by Dr. Smail did not comport with the modest level of treatment Plaintiff received for her medical complaints. *Id.* Ultimately, inconsistency with the overall medical record permits the ALJ to discount the opinion of a treating source. Therefore, in reaching his conclusion, the ALJ properly weighed the opinions of the physicians.

### B. Evaluation of mental impairments

Plaintiff objects to the ALJ's evaluation of her mental impairments. (Doc. 9; PageID 609-610). Plaintiff argues that the ALJ's assessment, which limited Plaintiff to

---

[1] The ALJ also weighed the medical opinions Dr. Vasiloff and Dr. Gardner, recognizing that their opinions did not adequately consider all of Plaintiff's limitations. (Doc. 9; PageID 609).

"unskilled, simple, repetitive tasks," failed to properly encompass her mental limitations. (*Id.* at 609). While Plaintiff alleged that her disability is attributable to her depression, she provided no evidence of any mental health treatment. (Doc. 4, at 18). Although Plaintiff's physicians contend that her depressive symptoms may cause her to have difficulty handling complex work assignments, Plaintiff is able to sustain concentration on simple or repetitive tasks. (*Id.*) For this reason, ALJ did not err in his evaluation of Plaintiff's mental impairments.

### C. Credibility

Plaintiff further objects to the ALJ's evaluation of her credibility. Plaintiff asserts that the ALJ improperly evaluated her subjective statements relating to her symptoms and her daily activities. (Doc. 9; PageID 610).

A credibility determination made by the ALJ cannot be disturbed unless there is a "compelling reason" for doing so. *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001) (finding that the ALJ properly rejected the physician's report which was unsupported by objective medical evidence).

Here, the ALJ found that the Plaintiff's complaints of disabling pain were only partially credible in light of the objective evidence. First, the ALJ properly considered Plaintiff's daily activities, finding that Plaintiff is capable of operating a vehicle, and performs "her own household chores, such as cooking, cleaning, shopping, and laundry." (Doc. 4, at 439).

Second, the ALJ considered the location, duration, frequency, and intensity of Plaintiff's pain and other symptoms by looking to the reports of Plaintiff's family

4

physician, Dr. Smail. Dr. Smail reported that Plaintiff's symptoms included back pain, leg pain, leg weakness, and sharp stabbing pain. (Doc. 4, at 498). The ALJ considered the evidence of record and the testimony given at the hearing, finding that Plaintiff has functional capabilities associated with degenerative disk of the lumbosacral spine and cervical spine; residuals of the surgical removal of a pseudomyxoma of the peritoneum, and mild depression - which more than minimally affect her ability to perform basic work-related functions. (Doc. 4, at 14). However, the ALJ determined that there was no evidence of other impairments that more than minimally limit Plaintiff's vocational abilities. *Id.* Moreover, the ALJ considered all of Plaintiff's symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence in determining that Plaintiff has the residual functioning capability (RFC) to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a). (Doc. 4, at 16).

Third, the ALJ and the Magistrate Judge also considered precipitating and aggravating factors in consideration of Plaintiff's symptoms. Plaintiff has normal movement in her cervical spine, shoulders, elbows, wrists, hands-fingers, dorsolumbar spine, hips, knees, and ankles. (Doc. 4, at 323-25).

Fourth, Plaintiff did not comply with her recommended steroid shots, nor did Plaintiff participate in counseling or outpatient treatment for her alleged mental impairments. (Doc. 9; PageID 613).

Fifth, although surgery has been suggested for Plaintiff's spine, Plaintiff received only conservative treatment and Plaintiff had not yet reached the point needed for

surgery. (Doc. 4, at 18). Plaintiff's only treatment includes narcotic pain medication and physical therapy. (*Id.*)

Sixth, Plaintiff did not present sufficient evidence relating to pain relieving measures, aside from taking narcotic pain medication. Pursuant to 20 C.F.R § 404.1529(c)(3)(vi-vii), the ALJ properly considered measures taken by Plaintiff to relieve her pain, symptoms, and other factors concerning her functional limitations and restrictions. Additionally, Plaintiff's suggested limitations for sitting, standing, and walking for a combined total of four hours per day, standing or sitting for ten minutes at a time, and walking for ten minute intervals are not supported by the Plaintiff's MRI imaging evidence or the modest level of treatment received by Plaintiff for her medical complaints. The factors outlined in C.F.R. §§ 404.1529(c)(3), 416.929(c) and SSR 96-7p were properly considered. It follows that the ALJ did not err in his credibility determinations.

### D. Hypothetical questions

Plaintiff asserts that the ALJ's hypothetical questions were insufficient because they failed to account for her moderate limitations in concentration, persistence or pace and failed to include the work-related limitations found by Dr. Smail.

At the outset, it was not improper to use a hypothetical that excluded limitations imposed by Dr. Smail. As discussed above, the ALJ properly refused to give Dr. Smail's opinion controlling weight. The hypothetical need not include limitations that were properly discounted.

Furthermore, an ALJ is not required to list all of Plaintiff's medical conditions. Rather, the hypothetical questions should provide the VE with the ALJ's assessment of what Plaintiff "can and cannot do." *Webb v. Comm'r of Soc. Sec.*, 368 F.3d 629, 633 (6th Cir. 2004) (recognizing that hypothetical questions to VEs are not required to include a list of the claimant's medical conditions). The Magistrate Judge properly concluded that the hypothetical questions posed to the VE accurately reflect a hypothetical individual with the same age, education, work experience, and RFC as Plaintiff. (Doc. 9; PageID 615).

## II.     CONCLUSION

For the foregoing reasons, the Report (Doc. 9) is hereby **ADOPTED** in its entirety. Plaintiff's objections (Doc. 10) to the Report are **OVERRULED**. The Commission's decision is **AFFIRMED**, and this matter shall be **CLOSED and TERMINATED** from the active docket of this Court.

**IT IS SO ORDERED.**

                                              *s/ Michael R. Barrett*
                                              UNITED STATES DISTRICT COURT